Our eighth case for this morning is Shields v. United States. Mr. Kennedy. Good morning, Your Honors. Ernest Shields was brought a motion under 2255. That's how the case finds its way here. It's a sentencing issue under the Armed Career Criminal Act. And the question is whether his residential burglary and whether his armed robbery were proper violent felonies under the ACCA. Addressing the residential burglary, I'm aware that the Seventh Circuit has addressed this issue in Smith v. United States. That was addressed after the filing of this brief. However, I would still argue respectfully that the definition of dwelling that's applicable to the residential burglary statute takes this case out of generic burglary. And I have in mind in saying that the Mathis case, because in Mathis, of course, the Michigan burglary statute failed as a generic burglary because it included cars and airplanes and other things like that. So I will assure you, Mr. Kennedy, that you have preserved this argument for further action of whatever sort you may wish to take, whether it's in bank or whether it's Supreme Court. But Smith is pretty recent. With the court's observation of that and an awareness that the court must be very conscious of Smith, I would point out that in this one thing, in the Smith decision, Smith relies on Taylor, which, if I have this right, was an analysis of burglary and residential burglary. So the dwelling aspect doesn't really fit into the burglary part because, of course, burglary is not against a dwelling, and I misstated that in my brief. Anyway, moving along to the armed robbery aspect of this, again, is it a crime of violence? Johnson, of course, requires violent force. And the case, I wanted to distinguish the which was written before Johnson, and I can't understand why reliance is still placed on Dickerson because Dickerson is 37 years before the Supreme Court case in Johnson. So what about the career offender decision in the United States against Shigoya Morales? We've said the language is basically the same. So even if we thought Dickerson was too out of date to be helpful, haven't we said that the Illinois robbery statute satisfies the Curtis Johnson, I think of it as Johnson 2010 standard? I don't specifically, I don't remember that specific case in Shigoya Morales. Shigoya Morales, it's just the Illinois aggravated robbery statute. Yes, but that's what I wanted to address. I have to call him Morales, Your Honor, I just can't. It's all right. We all agree it's Morales. It was aggravated robbery, and in Illinois there are at least three kinds of robbery. Aggravated robbery, the perpetrator announces to the victim in one way or another that he has a weapon. I have a gun, I have a knife, I'm going to hurt you if you don't give me the money. That does not compare at all with the armed robbery that Mr. Shields is convicted of, because in armed robbery, under what would come close to being the generic offensive armed robbery anyway, one does not have to communicate to the victim that one is armed. In Illinois, if you have a gun hidden, if the perpetrator has a gun hidden on himself, never mentions it, but robs someone, that is considered armed robbery, even though the fact of the weapon is never communicated to the victim. Why is the communication important? They both require the use or threatened use of force, right? What's your argument that the victim's knowledge that force is being used? Suppose it's something that looks like a stuffed animal, but it's actually a gun, and so force is being used against the victim, but the victim doesn't know it. Would you say that doesn't count as armed robbery, or as aggravated robbery for that matter? Aggravated wouldn't, because you wouldn't be telling them. Why wouldn't that be armed robbery when a gun is being pointed at somebody, even though it looks like a bunny? When a gun is being pointed at somebody, it is armed robbery. Yeah, but I'm just saying the victim doesn't realize that that thing is a gun, in my hypothetical. Well, if the victim doesn't, in Illinois it wouldn't matter. Right. The victim doesn't have to know. Exactly, and why wouldn't that still be something that meets the definition of the Curtis Johnson case? The use of force is one of the elements the government has to prove. Yes, but it's a generic offense of robbery, and that doesn't address knowledge of the victim of a gun or no gun. It involves overcoming their will, but the actual fact of whether a gun is there or not doesn't really matter as far as I can see for generic robbery. But the force here, in the Morales case, even though we're talking about a difference between aggravated and armed robbery, it's the force element that matters here, right? Yeah, we're looking for a statute that has force or threatened use of force as an element, and so the question is, why isn't that plainly the case for the Illinois aggravated and armed robbery cases? Here it's armed robbery, but Illinois law requires the prosecutor to prove that force was used. Because there are very different things. Or threatened, yeah. And I am working off of generic, the generic definition of robbery, because we have to go... If it's aggravated robbery, I can't argue that it's not force. It's force. It would count as violent force. So I'm just trying to figure out, why isn't armed robbery also something that you can't get a conviction on until you've proven the use or threatened use of force in Illinois? And so why doesn't that fit into the elements part of the definition of the crime of violence that we're looking for for the Armed Career Criminal Act? In Illinois, you don't have to even communicate the fact of being armed. I might be missing something. But put aside the gun. You can threaten to use force or use force without that force being the gun. Sure, I've got a good example. If somebody swipes a purse, a purse snatching, but he's wearing a gun under his winter coat, that is... But force was used, right? Well, that force isn't so clear, because I want to address these purse snatching cases. You can find Illinois cases that say purse snatching is robbery, and you can find Illinois cases that say it's theft from person. It's such a fine distinction that the argument is it defeats the argument that robbery is... The Illinois robbery is generic robbery. The Illinois armed robbery, which is what we're looking for. Armed... Yes, but robbery is an included offense of armed robbery, by the way, which burglary, I would argue, is not an included offense of residential burglary. But that's why I mention it. But I don't know how else to say it. I've got about 132 left. If you would like to just reflect and wait for rebuttal, that would be fine. Okay. But I think we have... Thank you. We can see where you're going. Thank you. Mr. Yonan? May it please the Court? Good morning, Your Honors. My name is Jason Yonan, and I'm appearing today on behalf of the United States. I'm going to only address the armed robbery conviction given the recency of the Smith case and dealing with the residential burglary conviction. This Court has long held that robbery under Illinois is a violent felony and has done so even after the Supreme Court's case in Curtis-Johnson. The Chayoga-Morales case, which Judge Wood, you mentioned, this Court held that robbery under Illinois law qualified as a crime of violence  or considered theft under Illinois law, not robbery. Defense counsel maintains that the decision in Chayoga-Morales was somehow dependent on it being an aggravated robbery conviction. That's not what the Court said in that case. In fact, what the Court said was the fact that it was an aggravated robbery conviction was an additional reason why the conviction in that case qualified as a crime of violence. And that was also in subsequent cases, the unpublished opinion in United States v. Van Sack, the Court said the same thing. So under Illinois law, robbery requires force that is actual violence, physically applied, or putting a victim in fear as to overpower his will. That is sufficient to satisfy the Supreme Court standard in Curtis-Johnson. So unless the Court has any questions, I will end by asking you to affirm the judgment of the District Court. Thank you. Apparently no questions, so thank you very much. So we'll let you use your final minute and a half, Mr. Kennedy, and explain. Yes, Your Honor. How we get where we need to go from your perspective. I don't think I can develop the argument much more, except that to my memory of reading the Morales case, and I may be mistaken, they talk about the fact that a gun was displayed, and that clearly makes it a violent felony, and a show of force that will overcome any resistance. That's very different from a charge of robbery. That's really all I can say, Your Honor. Okay. Well, we appreciate your accepting the appointment from the Court. We thank you for your assistance. I'm sure your client appreciates it as well, and thanks as well to the government. We'll take the case under advisement.